### LAMB v. LAMB.

First Division.   Valdez.   February 11, 1926.

No. 214–S.

Divorce ☞290—Parent and Child—Jurisdiction over Stepchild in Divorce Case.

> In suit for divorce, plaintiff alleged and on trial testified that her son by a former husband was in the custody and control of the defendant, in the territory of Alaska, who was served in this case and is in default, and she asks for an order for the custody of the child in the decree of divorce. *Held*, the defendant, having had custody of the child for some time, stands in loco parentis; having been served and in default in this case, the court has jurisdiction to grant custody of the child to the mother, and so ordered.

In this case plaintiff avers in her complaint for divorce, and testified before the referee, that her son by a former marriage, 12 years old, had been stolen from her by the defendant in this case. She asks for the custody of the boy. Defendant is in default.

Donohoe & Dimond, of Valdez, for petitioner.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RITCHIE, District Judge. I am in some doubt as to the jurisdiction of the court to make an order concerning the boy, since the mother is clearly entitled to his custody, and his stepfather has no claim upon him which has any standing in law or equity. It appears to me that her real remedy would have been to go to Juneau, where she testifies the defendant is keeping the boy, and recover possession of him by habeas corpus. It will probably be necessary for her to resort to that even now, if the defendant fails to give him up willingly, as required by decree of this court.

Although in doubt as to the jurisdiction, I have decided to comply with plaintiff's request and incorporate in the judgment a provision giving her custody of the boy, to which she is clearly entitled. I find in Corpus Juris and Ruling Case Law certain statements which appear to me to be logical, with citations of cases in which similar doctrine is laid down, that where a stepfather has treated a child as one of his family he may be regarded as standing in loco parentis. In this case, although according to the mother's statement the defendant obtained and has held possession of the boy wrongfully, he has had his custody for several months, and I think it a matter of simple justice, and perhaps not too great a stretch of jurisdiction, to hold that the court can make an order giving custody of the boy to his mother, since she is plainly entitled to such custody.

I cannot find any parallel case in the books, so far as I have had time to make research; so I am obliged to make the law of the case myself. While there is no doubt in my mind that the mother could recover the boy by habeas corpus, I am willing to make an order in this divorce proceeding giving her custody of her own boy, at the risk of an excess of jurisdiction, since such order is clearly in the interest of justice, and may possibly be of some assistance to her. It can do no harm to the defendant, because he has no rights in the premises.